IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| RAFAEL VERDEJO RUIZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:23-CV-106-RWS-JBB |
| | § | |
| WARDEN, FCI-TEXARKANA, | § | |
| | § | |
| Respondent. | § | |

# ORDER

Before the Court are Petitioner Rafael Verdejo Ruiz's objections to the Magistrate Judge's Report and Recommendation. Docket No. 23. Petitioner, an inmate currently confined at the Federal Correctional Institutional at Texarkana proceeding *pro se*, filed the above-styled and numbered petition for the writ of habeas corpus under 28 U.S.C. § 2241 in the form of a "request for statutory interpretation." Docket No. 1. Specifically, he asks if a dishonorable discharge from the United States military can be executed if the appellate process is incomplete or fails to meet the requirements of the Uniform Code of Military Justice. The case was referred to United States Magistrate Judge J. Boone Baxter in accordance with 28 U.S.C. § 636.

## I.  Background

Petitioner, a former member of the Air Force, was convicted in 2011 of rape of a person between the ages of 12 and 16, carnal knowledge of a person between the ages of 12 and 16, sodomy of a person between the ages of 12 and 16, and indecent acts upon the body of a female under the age of 16. Docket No. 21 at 1. He was sentenced to a dishonorable discharge, 25 years of confinement, reduction in grade from E-6 to E-1, and forfeiture of all pay and allowances. The convening authority approved the dishonorable discharge, 25 years' confinement, and reduction in

rank, but disapproved the forfeitures of pay and allowance and waived the imposition of automatic forfeitures for six months for the benefit of Petitioner's wife and children. Petitioner filed several appeals and requests for review through the military courts, all of which were denied.

In his present petition for habeas corpus relief, Petitioner argues that his dishonorable discharge was executed after the appellate proceedings and that the military appellate courts lacked jurisdiction to entertain habeas petitions. Docket No. 1. He asserts that he had two appellate reviews which were illegal, explaining that the first of these was conducted in violation of the Appointments Clause and the second was illegal because he had filed a grant of review request within 60 days, thus divesting the Air Force Court of Criminal Appeals of jurisdiction. *Id.* at 2.

Because these reviews were allegedly illegal, Petitioner argues that they cannot serve as final judgment of the legality of the proceedings, meaning that in his view, the dishonorable discharge could not be executed. *Id.* at 3. He contends that he filed a request for grant of review within 60 days of the decision date, which was July 18, 2013, which divested the Air Force Court of Criminal Appeals of jurisdiction. Despite this, he says that the court nonetheless conducted a reconsideration review on August 14, 2014. Petitioner stated that he never actually filed a request for reconsideration, but the Court of Appeals for the Armed Forces improperly treated his motion to vacate as a request for reconsideration and sent to the Air Force Court of Criminal Appeals, resulting in the reconsideration review in August of 2014.

Petitioner then sought review from the Court of Appeals for the Armed Forces, but this petition was denied on March 26, 2015. Docket No. 21 at 2. A subsequent untimely motion for reconsideration was also denied, and Petitioner was discharged from the Air Force on April 14, 2015. The Court of Appeals for the Armed Forces denied relief on June 22, 2016.

Petitioner maintains that the present federal habeas petition is not a collateral attack on the validity of his conviction or sentence, nor is he saying that the trial court could not give him a dishonorable discharge or that the trial court lacked jurisdiction. Docket No. 1 at 1. Instead, his claim is that the punishment of a dishonorable discharge cannot be executed yet because his appellate review remains incomplete. He further states that he is not requesting a retrial, but that his choice of forum cannot deprive him of relief to which he is entitled, including immediate release from confinement and restoration of all rights and privileges. *Id.* at 8.

Respondent filed a motion to dismiss, arguing that Petitioner has filed four habeas petitions related to this conviction and so the present one should be dismissed as an abuse of the writ. Docket No. 11 at 1. Respondent also says that in his second petition, as in the present case, Petitioner argued that the reconsideration by the Air Force Court of Criminal Appeals was illegal. This claim was denied by this Court and affirmed by the Fifth Circuit. Petitioner's previous filings include *Ruiz v. Edge*, Case No. 5:18-cv-22 (E.D. Tex.); *Ruiz v. Warden, FCI-Texarkana*, Case No. 5:22-cv-40 (E.D. Tex.); and *Ruiz v. Warden, FCI-Texarkana*, Case No. 5:23-cv-48 (E.D. Tex.). This last petition concerns time credits under the First Step Act and not his conviction.

In his response to the motion to dismiss, Petitioner argues that he is asserting a claim of lack of subject matter jurisdiction, which can be raised at any time. Docket No. 12 at 1. Consequently, he says that challenges to subject matter jurisdiction are an exception to the abuse of the writ doctrine. Petitioner also maintains that his previous petition challenged the legality of his conviction, while the present one challenges the execution of a portion of his punishment, the dishonorable discharge. He argues that the dishonorable discharge cannot be executed until he has a proper appellate review, which he says has not occurred. *Id.* at 6.

Petitioner asserts that any defense raised by Respondent would lack merit because: (1) his conviction for carnal knowledge constitutes an implied acquittal on the charge of rape; (2) the rape and carnal knowledge convictions were considered multiplicative for purposes of sentencing but he remains convicted of both; (3) he was not in the continental United States for at least part of the time frame covering the accusation because he was stationed in Hawaii; and (4) his convictions for rape and sodomy are unconstitutional because, in creating the statute, Congress did not permit or define "constructive force" to convict. *Id.* at 7–8.

Respondent filed a reply to Petitioner's response, stating that Petitioner raised his claim of lack of jurisdiction in a previous petition, rendering the present one an abuse of the writ. Docket No. 14 at 2. Petitioner asserted in his surreply that, in his previous petition, the district court construed his claim as concerning the length of time it took to conduct his appeals, while in the present case, he is claiming that the military court lacked jurisdiction because he had submitted a motion for grant of review. Docket No. 16. He says this contention was never addressed and he should not be cited for abuse of the writ because the district court misconstrued his claim. *Id.* at 2. Petitioner has also filed a motion for judgment on the pleadings and a motion to supplement his replies, arguing that Respondent's answer was not timely and that Respondent has not denied crucial portions of his claims. *See* Docket Nos. 13, 20.

## II.     The Magistrate Judge's Report and Recommendation

After review of the pleadings, the Magistrate Judge issued a Report and Recommendation, recommending that the petition for habeas corpus relief be dismissed. Docket No. 21 at 1. The Magistrate Judge reviewed Petitioner's prior habeas proceedings and determined that all of his claims were or could have been raised in either of his first two habeas petitions. Although Petitioner asserts his claim concerning the alleged loss of jurisdiction by the Air Force Court of Criminal

Appeals was not addressed in his second petition, this argument is unavailing because this Court concluded that Petitioner's claim of lack of jurisdiction lacked merit whatever the argument made for such claim. *Id.* at 9. In addition, Petitioner knew of this claim at the time he filed his first petition but did not raise it there.

The Magistrate Judge also rejected Petitioner's assertion that the abuse of the writ doctrine did not apply because he is challenging subject matter jurisdiction and stated that the four issues raised by Petitioner are unavailing because he knew of these at the time of his earlier petitions. Id. at 9–10. The Magistrate Judge also determined that while Petitioner claims that his petition concerns the execution of his sentence with regard to the dishonorable discharge, this does not set out a basis for habeas corpus relief because Petitioner is not "in custody" as a result of his dishonorable discharge. *Id.* at 10–11.

### III. Petitioner's Objections

In his objections, Petitioner asserts that he did not file a motion for reconsideration in September of 2013, but rather a motion for grant of review. Docket No. 23 at 1–2. Because of the filing of this motion, he says that the Air Force Court of Criminal Appeals lost jurisdiction, rendering the April 2014 decision, and everything which came after that, illegal.

The dispute here concerns the fact that while Petitioner says he filed a motion for grant of review, the Court of Appeals for the Armed Forces ruled otherwise. On November 12, 2013, that court issued a ruling under the heading "petitions for grant of review - other summary dispositions" reading as follows:

> No. 14–0010/AF. U.S. v. Rafael Verdejo–Ruiz. CCA 37957. On consideration of Appellant's motion to attach documents and Appellee's motion to dismiss the petition for grant of review without prejudice and motion to treat Appellant's motion to vacate before the United States Air Force Court of Criminal Appeals as a motion for reconsideration, it is ordered that Appellee's motion to dismiss the petition for grant of review without prejudice and motion to treat Appellant's

> motion to vacate before the United States Air Force Court of Criminal Appeals as a motion for reconsideration are hereby granted, and Appellant's motion to attach documents is hereby denied as moot.

Daily Journal, 73 M.J. 108 (C.A.A.F. 2013).

Petitioner raised this claim in his second habeas petition, and this Court held that "in considering Petitioner's motion to vacate, converted to a motion for reconsideration, neither the AFCCA nor the CAAF found any reason to question its jurisdiction. As such, Petitioner's claim of lack of jurisdiction was considered and will not be revisited here." *Ruiz v. Warden, FCI-Texarkana*, Case No. 5:22-cv-40, 2023 WL 2941477, at *10 (E.D. Tex. Feb. 14, 2023), *report and recommendation adopted*, 2023 WL 2447440 (E.D. Tex. Mar. 10, 2023), *reconsideration denied*, 2024 WL 3221814 (E.D. Tex. Mar. 4, 2024). Because Petitioner could have raised this claim in his first habeas petition and did raise it in his second one, the Magistrate Judge correctly concluded that the claim represented an abuse of the writ. Petitioner's first objection is without merit.

Petitioner next asserts that in his first habeas petition, he filed his lack of jurisdiction claim with the Fifth Circuit, but that court failed to remand it to the district court as an amendment or supplement. Docket No. 23 at 2–3. The opinion of the Fifth Circuit affirming the denial of his petition states that "we will not review the plethora of new claims Ruiz has raised for the first time in the many briefs and motions he has filed before this court." *Ruiz v. Edge*, 842 F. App'x 930, 931 (5th Cir. 2021). This Court cannot review the Fifth Circuit's decision not to consider the claims which Petitioner presented for the first time on appeal. This objection is without merit.

Petitioner asserts that his claim of lack of jurisdiction was not addressed in his earlier petition, despite the court's holding that the claim lacked merit. Docket No. 23 at 3. This Court declines to second-guess the action of the Court of Appeals for the Armed Forces in construing Petitioner's motion as a request for reconsideration. This objection is without merit.

Fourth, Petitioner states that if he is not in custody by reason of his dishonorable discharge, that claim should not be dismissed with prejudice. *Id.* at 3. In addition, he states that the dishonorable discharge is a punishment which affects his rights and standing as a citizen. The Magistrate Judge determined that Petitioner is not "in custody" and has never been "in custody" by reason of his dishonorable discharge, and so no habeas remedies exist pertaining to this discharge. *United States ex rel. Dawes v. Forrestal*, 237 F.2d 914, 915 (7th Cir. 1956). While Petitioner argues that he can suffer collateral consequences as a result of this discharge, any such consequences flow more immediately from the fact that he has convictions for rape, sodomy, carnal knowledge, and indecent acts upon a female; in the interests of justice, however, the Court will dismiss this claim without prejudice, in the event that Petitioner should succeed in having his convictions set aside. *See generally McAliley v. Birdsong*, 451 F.2d 1244, 1245 (6th Cir. 1971).

Fifth, Petitioner states that because his claim cannot be exhausted due to the military court's lack of jurisdiction, if this Court has jurisdiction, it should be entertained. Docket No. 23 at 3. This Court has already considered this issue and concluded that because neither the AFCCA nor the CAAF found any reason to question its jurisdiction, "Petitioner's claim of lack of jurisdiction was considered and will not be revisited." *Ruiz*, 2023 WL 2941477, at *10.

## IV.    Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and Petitioner's objections are without merit. It is accordingly

**ORDERED** that the Report of the Magistrate Judge (Docket No. 21) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled petition for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**, except that any claims for habeas corpus relief specifically based upon Petitioner's dishonorable discharge are **DISMISSED WITHOUT PREJUDICE**.

**So ORDERED and SIGNED this 31st day of March, 2025.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE